**In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION.**

**MDL No. 1943.**

United States Judicial Panel on Multidistrict Litigation.

June 13, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

Before the entire Panel *: Plaintiffs in fourteen actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Minnesota. Defendants Johnson & Johnson, Ortho–McNeil–Janssen Pharmaceuticals, Inc., and Johnson & Johnson Pharmaceutical Research & Development, LLC, oppose the motion or, alternatively, suggest centralization in the District of New Jersey.

This litigation currently consists of fifteen actions listed on Schedule A and pending in seven districts as follows: eight actions in the District of Minnesota; two actions in the District of Massachusetts; and one action each in the Southern District of Florida, the Southern District of Indiana, the Eastern District of Louisiana, the District of Maine, and the Eastern District of Wisconsin.[1]

---

* Judge Heyburn did not participate in the disposition of this matter.

1. The Panel has been notified that six additional related actions have been filed: two actions in the District of Minnesota; and one

action each in the District of Kansas, the Southern District of New York, the District of Utah, and the Western District of Washington. These actions will be treated as potential tag-

■ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the allegations that the antibiotic Levaquin causes tendon rupture, and the warnings provided by defendants informing Levaquin users of this risk were inadequate. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Defendants opposing the motion argue, *inter alia*, that centralization is not necessary and coordination by the parties without transfer is sufficient to handle the common discovery anticipated. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. These fifteen actions pending in seven scattered districts are nearly identical in terms of defendants' alleged conduct, and discovery and other pretrial efforts will undoubtedly overlap. Section 1407 centralization will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

■ We are persuaded that the District of Minnesota is an appropriate transferee forum for this litigation. Eight actions, including the first-filed action, are pending there, and discovery is already underway in those actions. The actions pending in that district have been related before Judge John R. Tunheim, who has familiarized himself with the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions

along actions. *See* Rules 7.4 and 7.5,

listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable John R. Tunheim for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 1943 — **IN RE: LEVAQUIN PRODUCTS LIABILITY LITIGATION**

*Southern District of Florida*

*Donald Roxenberg v. Johnson & Johnson, et al.,* C.A. No. 9:08–80104

*Southern District of Indiana*

*Charles Epperson v. Johnson & Johnson, et al.,* C.A. No. 1:07–1640

*Eastern District of Louisiana*

*Carolyn A. Brumfield v. Ortho–McNeil Pharmaceutical, Inc., et al.,* C.A. No. 2:07–7749

*District of Maine*

*Lorraine Poirier v. Johnson & Johnson, et al.,* C.A. No. 2:08–9

*District of Massachusetts*

*Jillian Fisher v. Johnson & Johnson, et al.,* C.A. No. 1:08–10179

*Ida Almeida, et al. v. Johnson & Johnson, et al.,* C.A. No. 1:08–10217

*District of Minnesota*

*William Voss, et al. v. Johnson & Johnson, et al.,* C.A. No. 0:06–3728

*Burton Griner v. Johnson & Johnson, et al.,* C.A. No. 0:07–1584

*Anne Beardsley v. Johnson & Johnson, et al.,* C.A. No. 0:07–1661

**1386**

*Richard Kirkes, et al. v. Johnson & Johnson, et al.,* C.A. No. 0:07–1862

*Victoria Parr v. Johnson & Johnson, et al.,* C.A. No. 0:07–2999

*Calvin Christensen, et al. v. Johnson & Johnson, et al.,* C.A. No. 0:07–3960

*Aline Shaffer v. Johnson & Johnson, et al.,* C.A. No. 0:07–4617

*William Cottle v. Johnson & Johnson, et al.,* C.A. No. 0:08–277

*Eastern District of Wisconsin*

*Carlton J. Zeiler v. Johnson & Johnson, et al.,* C.A. No. 2:08–40